**Otis CROOKER, Appellant,**

v.

**Warren GRAFT, Appellee.**

**No. 21900.**

United States Court of Appeals Ninth Circuit.

April 15, 1968.

Rehearing Denied June 21, 1968.

Floyd O. Small (argued), Robert T. Cummins, Carl A. Hatch, Helena, Mont., for appellant.

Arthur W. Scribner (argued), of Risken & Scribner, John T. Vance, Helena, Mont., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CRARY, District Judge.

PER CURIAM.

With jurisdiction founded on diversity of citizenship, appellee has brought suit for damages sustained by his aircraft allegedly through appellant's negligence.

Appellee, attempting to take off from appellant's private field, first became airborne and then aborted his take-off, believing he could not obtain sufficient altitude to clear obstructions. After he relanded his plane it rolled into an unusable area of the field and ground-looped, suffering damage.

Issues presented in the District Court were essentially factual. In resolving them the court found negligence on the part of appellant in failing adequately to delineate the usable from the unusable portions of the field and in failing to give warning. It further found negligence on the part of appellee in attempting to fly a light plane equipped with amphibious gear from a rough airport under the conditions of loading and weather which made the take-off risky. It held the negligence of the appellant to be the proximate cause of the accident and negligence of appellee not to be a proximate cause of the accident. It found no other acts of negligence on the part of appellee and judgment was rendered in his favor, from which judgment the appellant has taken this appeal.

Appellant disputes the court's findings in many respects relating to his negligence and appellee's contributory negligence. In none of these respects do we find the court's findings to be clearly erroneous.

Appellant disputes the court's ruling that under the circumstances appellee's

negligence was not a proximate cause of the accident. We agree with the District Court. The risk created by appellee's negligence, under the findings, was dissipated when the plane was safely landed and rolling to a stop. At that point the accident occurred through the intervention of appellant's negligence. See Restatement (Second) of Torts § 468 and comments (1965).

Judgment affirmed.